**IT IS ORDERED as set forth below:**



**Date: November 23, 2021**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **In re:** | Case No. 21-21053-JRS |
| **EXTRUSION GROUP, LLC,** *et al.*,[1] | Chapter 11 |
| **Debtors.** | **(Jointly Administered)** |
| **EXTRUSION GROUP, LLC** *et al*. | **ADVERSARY PROCEEDING NO. 21-02038** |
| Plaintiffs, | |
| v. | |
| **KIMBERLY-CLARK CORPORATION;** and **KIMBERLY-CLARK GLOBAL SALES, LLC,** | |
| Defendants. | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Extrusion Group, LLC (9996), EG Global, LLC (0194), Extrusion Group Services, LLC (2698), and EG Ventures, LLC (N/A).

- 1 -

**ORDER SETTING HEARING DATE, BRIEFING SCHEDULE, AND DISCOVERY DEADLINES WITH RESPECT TO: (A) KIMBERLY-CLARK'S MOTION FOR DISMISSAL OF CHAPTER 11 CASES OR RELIEF FROM THE AUTOMATIC STAY, AND (B) THE DEBTORS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING THE DISTRICT COURT ACTION**

Upon the record at the status conferences before this Court on October 28, 2021 and November 9, 2021, and based upon the representations of counsel for the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), Messrs. Micheal Houston and Michael Cook, and Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC (collectively, "Kimberly-Clark"),[2] the Court hereby sets the following hearing date, briefing schedule, and discovery deadlines with respect to: (i) the *Motion of Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC for Entry of an Order Dismissing Chapter 11 Cases or, in the Alternative, Granting Relief From the Automatic Stay* [D.I. 40] (the "Dismissal Motion"), filed in the Chapter 11 Cases on October 22, 2021; and (ii) the *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Certain Litigation and Incorporated Brief In Support Thereof* [Adversary D.I. 2] (the "Injunction Motion," and together with the Dismissal Motion, the "Pending Motions"), filed in the above-captioned adversary proceeding (the "Adversary Proceeding") on October 22, 2021; and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The hearing to consider the Pending Motions (the "Hearing") shall be held before this Court on January 6, 2022, at 9:00 a.m. ET in Courtroom 1404, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. The Hearing

---

[2] Kimberly-Clark, the Debtors, and Messrs. Houston and Cook are collectively referred to herein as the "Parties."

- 2 -

shall be conducted live and in-person; provided that out-of-town witnesses may be allowed to appear via the Court's Virtual Hearing Room.

    2.    Briefing with respect to the Pending Motions shall proceed pursuant to the following schedule and protocols:

        a.    Oppositions to the Dismissal Motion and the Injunction Motion shall be filed with the Court on or before December 3, 2021, at 4:00 p.m. ET, and shall be limited to 20 pages each. For the avoidance of doubt, Kimberly-Clark shall be entitled to file only one joint opposition to the Injunction Motion, and the Debtors and Messrs. Houston and Cook shall be entitled to file only one joint opposition to the Dismissal Motion.

        b.    Replies in support of the Dismissal Motion and the Injunction Motion shall be filed with the Court on or before December 23, 2021, and shall be limited to 25 pages each. For the avoidance of doubt, Kimberly-Clark shall be entitled to file only one joint reply in support of the Dismissal Motion, and the Debtors and Messrs. Houston and Cook shall be entitled to file only one joint reply in support of the Injunction Motion.

    3.    If any party intends to submit a declaration for any witness, in lieu of or to supplement any direct testimony for such witness, such declaration must be submitted to counsel for the Debtors and/or for Kimberly-Clark on or before December 3, 2021.

    4.    Discovery with respect to the Pending Motions shall proceed pursuant to the following schedule and protocols:

        a.    Discovery shall be limited to matters relevant to the Pending Motions.

b.     Potential witnesses in support of, or in opposition to, the Pending Motions must be identified to counsel for the Debtors and Kimberly-Clark in writing on or before November 24, 2021.

c.     All requests for discovery, including but not limited to subpoenas to non-Parties ("Discovery Requests"), shall be served on or before November 12, 2021. Kimberly-Clark, on the one hand, and the Debtors, Mr. Houston, and Mr. Cook, on the other hand, shall each be limited to (i) twenty (20) document requests in the aggregate, including subparts, and (ii) thirty (30) requests for admission in the aggregate, provided that this limitation does not apply to requests for admission related to authentication of documents or other evidence. For the avoidance of doubt, the limitations in the immediately preceding sentence shall be calculated based on the aggregate number of requests served on any party (including third parties). Parties shall not be entitled to serve interrogatories in connection with the Pending Motions or the Hearing.

d.     Any responses or objections to any Discovery Request, as well as proposed search parameters with respect to any Discovery Request (as applicable), shall be served on the propounding party on or before November 19, 2021.

e.     All motions to quash, motions for a protective order, or motions to compel discovery (each, a "Discovery Motion") shall be filed on or before November 23, 2021; provided that (i) any Discovery Motion by Aero Nonwovens, LLC or Aero World Wide, LLC shall be filed on or before November 19, 2021; and (ii) any party must meet and confer with respect to any Discovery Request before filing a Discovery Motion. Oppositions to Discovery Motions shall be filed on or before

November 30, 2021, at 12:00 p.m. ET. The Court shall hold a hearing on any Discovery Motion on December 2, 2021, at 1:30 p.m. ET. Nothing in this paragraph 4(e) shall limit a Party's right to seek any relief to the extent this Order is not complied with by any Party, or if any Party or third party to whom discovery is directed does not appropriately respond to or cooperate with any Discovery Requests, depositions, or other discovery consistent with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States Bankruptcy Court for the Northern District of Georgia (as applicable) (collectively, the "Rules").

f.  All productions in response to a Discovery Request shall begin on November 24, 2021, and be completed on or before December 3, 2021.

g.  Depositions of all witnesses shall be conducted between December 10 and December 17, 2021. No witnesses may testify at the Hearing, or present any declaration in connection with any Pending Motion, without having made themselves available for deposition consistent with this paragraph 4(g).

h.  All discovery with respect to the Pending Motions shall comply with the Rules, except as expressly modified by this Order.

5.  On or before December 29, 2021, (a) all pleadings, witness lists and documents in connection with the Hearing shall be provided to this Court as .PDF files, and (b) the Parties shall file witness and exhibit lists, and provide copies of all exhibits that may be introduced at the Hearing (except any exhibits that may be used for purposes of rebuttal), to the other Parties. The Parties shall submit hearing binders to the Court on or before January 4, 2022.

6. The Parties will negotiate in good-faith regarding discovery and process issues and all Parties' rights are expressly reserved.

7. All briefs or other filings in connection with the Dismissal Motion shall be filed in the Chapter 11 Cases. All briefs or other filings in connection with the Injunction Motion shall be filed in the Adversary Proceeding. Notwithstanding the foregoing, any declarations or evidence submitted in connection with either of the Pending Motions shall, subject to any objections to admission thereof, be admitted for purposes of addressing the merits of both motions.

8. All deadlines to answer or otherwise respond to the Adversary Complaint, filed in the Adversary Proceeding, are hereby extended to the date that is 14 days from the entry of an order resolving the merits of the Injunction Motion.

9. Until the Hearing, the Debtors, Michael Cook, and or Micheal Houston, and any person or entity on behalf thereof, shall notify Kimberly-Clark by email to its counsel of record in these Chapter 11 Cases, and file a notice with the Court, in each case immediately if they enter into an agreement to sell a (a) coform (including but not limited to Debtors' Multiform™) manufacturing line or process, or (b) meltblown die assembly.

10. None of the deadlines provided herein as to filings or submissions with the Court shall be extended absent leave of Court. Any other change to the deadlines provided herein must be agreed to in writing by counsel for the Debtors and counsel for Kimberly-Clark, and does not require leave of Court.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

12. The Clerk is directed to serve a copy of this Order on all parties to this adversary proceeding, counsel for the parties and the United States Trustee.

**### END OF ORDER ###**